**REVERSE and RENDER; Opinion Filed February 22, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-01216-CV**
_____

**NINETY NINE PHYSICIAN SERVICES, PLLC, Appellant**
**V.**
**BRIAN MURRAY, DR. LAURIE FAIRALL, TESTSMARTRX 1101, LP,**
**AND TESTSMARTRX, LLC, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07448**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Brian Murray, Dr. Laurie Fairall, TestSmartRx 1101, LP, and TestSmartRx, LLC (collectively, "Appellees") initiated an arbitration against Ninety Nine Physician Services, PLLC ("Appellant") in the summer of 2016. The arbitration concluded with the arbitrator awarding, among other things, Appellant's attorney's fees in the amount of $341,680. Appellant sought to confirm the arbitrator's award, and Appellees moved to vacate the attorney's fee award. The trial court granted Appellees' motion and entered an order vacating the fee award to Appellant. In all other respects, the trial court confirmed the arbitrator's award.

Appellant appeals that order and the final judgment, urging the trial court erred in vacating the award and in making various findings in the judgment. We reverse the trial court's order granting Appellees' motion for partial vacatur of the arbitrator's award and render judgment in accordance with the arbitrator's award. In addition, we strike certain findings of the trial court as unsupported by the record. Because all issues are settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.4.

## BACKGROUND

In November 2015, Appellant and appellees Brian Murray ("Murray"), TestSmartRx 1101, LP ("TSR LP"), and TestSmartRx, LLC (TSR LLC") entered into an Equity Purchase Agreement and Assignment of Interest in Intellectual Property ("EPA").[1] The EPA provided that any dispute regarding the EPA would be submitted to arbitration under the American Arbitration Association ("AAA")'s rules.[2]

---

[1] Dr. Laurie Fairall is not a signatory to the EPA but is said to be a third-party beneficiary under same.

[2] More particularly, the EPA provided:

All controversies which may arise, including but not limited to any dispute arising over the terms and conditions of this Agreement or in any manner relating to this Agreement, or any other agreement between the Parties, whether entered into prior to or subsequent to the date hereof, which the Parties are unable to resolve informally between themselves or by mediation, shall be submitted upon the written demand of either Party to arbitration under the Arbitration Rules of American Arbitration Association ("AAA") in effect at the time of the arbitration demand.

All arbitration proceedings shall be administered by the AAA and be held in the AAA's Dallas, Texas office. The AAA administrative fee shall be advanced by the Party demanding arbitration, but shall be subject to a contrary assessment of the fee in the

On July 20, 2016, Appellees initiated an arbitration against Appellant, claiming Appellant had breached the EPA and associated warranties and asserted a separate negligence claim. Appellant responded and asserted counterclaims of fraud, fraudulent inducement and breach of contract against Murray. Appellant later dropped the breach of contract counterclaim. During the course of the arbitration, Appellant and Appellees disclosed the identities of their respective expert witnesses on attorney's fees. The final arbitration hearing took place over three days in February 2018. Following the close of live evidence, both parties submitted post-hearing briefs to the arbitrator, in which they each requested awards of attorney's fees, supported by their respective expert witnesses' fee affidavits.

On May 16, 2018, the arbitrator issued his Final Award finding in favor of Dr. Laurie Fairall ("Fairall") and Appellant. In doing so, the arbitrator noted Murray failed to disclose and made misrepresentations to Appellant in entering into the EPA and Fairall is a third-party beneficiary of the EPA and is entitled to certain compensation under the terms of that agreement. The award provided, in relevant part:

> On their claims, including but not limited to their claims for breaches of warranty/breach of contract and negligence, Claimants Murray, TestSmartRx 1101 LP, and TestSmartRX, LLC shall take nothing from [Appellant].

---

arbitrator's award. The arbitrator's fee shall be shared equally by the Parties if such fee must be advanced, but said fee shall be subject to the arbitrator's assessment of such fee in the arbitrator's award.

[Appellant] shall pay to Laurie Fairall the sum of FIFTEEN THOUSAND AND NO/100THS DOLLARS ($15,000.00), along with post-judgment interest compounded annually at the rate determined under Texas Finance Code Section [304.003] beginning 30 days after the date that judgment, if any, is rendered on this Award and ending on the date the judgment is satisfied.

[Appellant] shall recover from, and Murray, TestSmartRx 1101 LP and TestSmartRX, LLC shall pay to [Appellant], the sum of THREE HUNDRED FIFTY-SIX THOUSAND SIX HUNDRED EIGHTY AND NO/100THS DOLLARS ($356,680.00) (comprised of $15,000.00 in damages related to Dr. Fairall[3] and $341,680.00 in attorneys' fees), along with post-judgment interest compounded annually at the rate determined under Texas Finance Code Section [304.003] beginning 30 days after the date that judgment, if any, is rendered on this Award and ending on the date the judgment is satisfied.

[Appellant] shall not recover further on its claims except as stated below in the Administrative Fees and Expenses section of this Final Award.

Administrative fees and expenses shall be borne by Murray, TestSmartRx 1101 LP, and TestSmartRx, LLC. Therefore, the administrative fees and expenses of the AAA totaling $20,200.00 and the compensation and expenses of the Arbitrator totaling $26,808.24 shall be borne by Murray, TestSmartRx 1101 LP, and TestSmartRx, LLC. Therefore, Murray, TestSmartRx 1101 LP, and TestSmartRx, LLC shall pay to [Appellant] the sum of $25,104.12 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Murray, TestSmartRx 1101 LP, and TestSmartRx, LLC.

Appellant filed a petition in the district court seeking confirmation of the arbitrator's award. Appellees moved to vacate the award of attorney's fees, claiming there was no basis for the award because Appellant never made a formal request for

---

[3] This award offset the prior award of fees to Fairall and against Appellant.

–4–

attorney's fees or "pleaded a cause of action" that would have entitled it to attorney's fees. The trial court agreed with Appellees and entered an order vacating the award of attorney's fees to Appellant. Appellant moved for reconsideration. That request was denied. This appeal followed.

## DISCUSSION

Review of a trial court's decision as to vacatur or confirmation of an arbitration award is de novo and reaches to the entire record. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). Because Texas law favors arbitration, however, our review is "extremely narrow." *Id.*; *see also CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002).

A claimed mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award. *Centex/Vestal*, 314 S.W.3d at 683. Disputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist. 2003, pet. denied). A court must confirm an arbitrator's award on application unless an opposing party establishes a ground for vacating, modifying, or correcting the award. *Centex/Vestal*, 314 S.W.3d at 683. The party requesting vacatur, modification, or correction of an award bears the burden of establishing a ground for disturbing the award. *Hazar*, 124 S.W.3d at 430.

Here, Appellees claim the arbitrator exceeded his powers in awarding Appellant attorney's fees.[4]  An arbitrator exceeds his power when he acts contrary to express contractual provisions.  *Anchor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.).  While the EPA is silent on the issue of attorney's fees, it does provide that disputes will be governed by the AAA rules.[5]  Thus, the parties clearly contemplated the provisions of AAA's Commercial Rules would be incorporated into their agreement.

Rule 1 of the AAA Commercial Rules states, in relevant part:

The parties shall be deemed to have made these rules part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association . . . under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules.
. . . .
[the case] shall be administered in accordance with Section R-1 through R-58 of these rules.

*See* AM. ARBITRATION ASS'N, Commercial Arbitration Rules & Mediation Procedures, R–1(a)(e) (eff. Oct. 1, 2013).  Rule 8 of the AAA Commercial Rules provides, in relevant part, "The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties."  *Id.* R-8.  Moreover, when an arbitration agreement incorporates by reference outside rules, as it does here, those

---

[4] In this case, we need not determine whether the Federal Arbitration Act or the Texas Arbitration Act controls because both acts permit a trial court to vacate an award if the arbitrator exceeds his or her power. *See* 9 U.S.C. §10(a)(4); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A).

[5] Specifically, the EPA provides, "All controversies which may arise . . . between the Parties . . . shall be submitted upon the written demand of either Party to arbitration under the Arbitration Rules of American Arbitration Association ('AAA') in effect at the time of the arbitration demand."

rules will apply unless they conflict with the express terms of the arbitration agreement. *Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 24 (Tex. 2014).

> The AAA rule addressing awards of attorney's fees, Rule 47(d)(ii), states:
>
> The award of the arbitrator may include: . . . (ii) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

*Id.* R-47(d)(ii). Because the EPA does not address the issue of attorney's fees, this rule does not conflict with an express provision in the parties' arbitration agreement and, thus, applies in this case. Consequently, under the parties' distinct agreement and incorporation of the AAA rules, there were three circumstances in which the arbitrator was vested with the authority to award attorney's fees (1) if all parties requested such an award *or* (2) if it was separately authorized by law *or* (3) if it is authorized by the arbitration agreement. Because of the use of the disjunctive "or," only one of the above criteria must be met in order for an award of attorney's fees to have been authorized by the Commercial Arbitration Rules. *See* WEBSTER'S THIRD INT'L DICTIONARY 1585 (2002) (stating that "or" is used as a function word to indicate an alternative between different or unlike things, states, or actions); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 116 (2012) (noting that disjunctive use of "or" creates alternatives and that its use in a list indicates at least one item in the list is required, but any one or more of the items satisfies the requirement).

We begin by considering whether the parties requested awards of attorney's fees, satisfying the first criteria of Rule 47(d)(ii). Both parties submitted post-hearing briefs in which they requested attorney's fees. In their briefing, Appellees urged, as they do here, there was no basis in the general law to award fees to Appellant.[6] As noted, the AAA rules incorporated into the parties' agreement allows for the award of fees if authorized by law *or* if all parties request such an award. As to the request for fees, Appellees contend Appellant's post-hearing brief is not a proper request for attorney's fees. The arbitrator in interpreting the Commercial Rules evidently disagreed with Appellees and found the post-hearing briefs to be requests for attorney's fees under Rule 47(d)(ii). Because the parties incorporated the AAA rules into their agreement and because those rules permit the arbitrator to interpret his duties thereunder and allow for the award of attorney's fees if the parties request same, it was within the arbitrator's power to consider and determine that the parties' post-hearing briefs presented requests for attorney's fees under Rule-47(d)(ii). Accordingly, we conclude the arbitrator did not exceed his authority by awarding attorney's fees to Appellant and the trial court erred in substituting its own

---

[6] More particularly, Appellees urged:

> [Appellant] asked the Arbitrator whether it could submit its attorney's fees after the hearing. However, [Appellant] makes no claim and does not seek attorney's fees in its pleadings. [Appellant] does not seek attorney's fees because it has no basis to recover attorney's fees. It has no breach of contract claim, and the parties' arbitration agreement does not provide for recovery of attorney's fees.

judgment for that of the arbitrator. We sustain Appellant's first through fourth issues concerning the trial court's error in vacating the attorney's fee award.[7]

In its fifth issue, Appellant urges the trial court erred in making findings 2 through 7 in the Order Granting Defendants' Motion to Partially Vacate Arbitration Award and Final Judgment.[8] In particular, Appellant claims the following findings are not supported by the record:

- (Finding 2) [Appellant] did not make any affirmative claims in the Arbitrating against Defendants TSRLP or TSRLLC;

- (Finding 3) [Appellant] only brought common law fraud claims against Defendant Murray;

- (Finding 4) [Appellant] did not request attorney's fees in its latest amended pleading it filed in the Arbitration;

- (Finding 5) the parties did not arbitrate attorney's fees by consent;

- (Finding 6) Attorney's fees in the Arbitration were not authorized by law; and

- (Finding 7) the parties did not agree in their arbitration agreement to award attorney's fees to the prevailing party.

---

[7] In Appellant's first through fourth issues, Appellant asserts the trial court erred in vacating the attorney's fee award. Each of the issues sets forth a discrete argument in support of Appellant's assertion. Issue one asserts the trial court erred in vacating the fee award because the parties' agreement specifically states that any arbitration will be conducted in accordance with the AAA Rules and all parties requested fees. Issue two asserts the trial court erred in substituting its own judgment for the arbitrator's. Issue three asserts the trial court failed to indulge every reasonable presumption in favor of upholding the award. Issue four asserts Appellees failed to establish a ground for vacatur.

[8] Finding 1 stated, "The American Arbitration Association Commercial Arbitration Rule 47(d)(ii) governs whether the parties may be awarded attorney's fees." This finding is undisputed and supported by the record.

We need not determine whether the trial court erred in entering findings 2 through 4 as they do not impact our conclusion the arbitrator had the authority to award Appellant fees under Rule 47(d)(ii). Tex. R. App. P. 47.1. Because the record before us establishes the parties incorporated AAA Commercial Rules into their agreement, and the parties requested attorney's fees in their post-hearing briefs, the trial court erred in entering findings 5 through 7. Accordingly, we sustain Appellant's fifth issue as to findings 5, 6, and 7.

## CONCLUSION

We reverse the portion of trial court's Order Granting Defendants' Motion to Partially Vacate Arbitration Award and Final Judgment granting Appellees' motion to partially vacate the arbitrator's award, and we render judgment that Ninety Nine Physician Services, PLLC shall recover from, and Brian Murray, TestSmartRx 1101 LP and TestSmartRX, LLC shall pay to Ninety Nine Physician Services, PLLC the sum of THREE HUNDRED FORTY-ONE THOUSAND SIX HUNDRED EIGHTY AND NO/100THS DOLLARS ($341,680.00) (in attorneys' fees), plus interest thereon as provided in the arbitration award. In addition, we strike findings 5, 6, and 7 as unsupported by the record. In all other respects, we affirm the final

judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191216F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NINETY NINE PHYSICIAN
SERVICES, PLLC, Appellant

No. 05-19-01216-CV        V.

BRIAN MURRAY, DR. LAURIE
FAIRALL, TESTSMARTRX 1101,
LP, AND TESTSMARTRX, LLC,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-07448.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the order of the trial court granting Defendants' motion to partially vacate the arbitrator's award is **REVERSED** and judgment is **RENDERED** that Ninety Nine Physician Services, PLLC shall recover from, and Brian Murray, TestSmartRX 1101 LP and TestSmartRX, LLC shall pay to Ninety Nine Physician Services, PLLC the sum of THREE HUNDRED FORTY-ONE THOUSAND SIX HUNDRED EIGHTY AND NO/100THS DOLLARS ($341,680.00) (attorneys' fees), plus interest thereon as provided in the arbitration award. In addition, we strike findings 5, 6, and 7.

It is **ORDERED** that appellant NINETY NINE PHYSICIAN SERVICES, PLLC recover its costs of this appeal from appellees BRIAN MURRAY, DR. LAURIE FAIRALL, TESTSMARTRX 1101, LP, AND TESTSMARTRX, LLC.

Judgment entered this 22nd day of February, 2021.